JACKSON LEWIS P.C.
NATHAN W. AUSTIN (SBN 219672)
400 Capitol Mall, Suite 1600
Sacramento, California 95814
Telephone:    (916) 341-0404
Facsimile:    (916) 341-0141
Email: nathan.austin@jacksonlewis.com

Attorneys for Defendants
VICAR OPERATING, INC.
and ANTECH DIAGNOSTICS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAZMONIQUE LEA, individually and on behalf of herself and all others similarly situated,,<br><br>Plaintiff,<br><br>vs.<br><br>VICAR OPERATING, INC., a Delaware corporation; ANTECH DIAGNOSTICS, INC., a California corporation; and DOES 1-50, inclusive,<br><br>Defendants. | CASE NO.<br><br>**DEFENDANTS' NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1331, 1441, AND 1446 (FEDERAL QUESTION JURISDICTION)** |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF JAZMONIQUE LEA AND HER ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendants VICAR OPERATING, INC. and ANTECH DIAGNOSTICS, INC. (collectively, "Defendants") hereby invoke this Court's jurisdiction under 28 U.S.C. §§ 1331, 1441, and 1446, to remove this action from the Superior Court of California for the County of Alameda ("Alameda Superior Court") to the United States District Court for the Northern District of California, San Francisco/Oakland Division, on the grounds of federal question jurisdiction. Defendants file this Notice of Removal without waiving any defenses to the claims asserted by Plaintiff or conceding that Plaintiff has pled claims upon which relief can be granted.

///

## PRELIMINARY STATEMENT OF JURISDICTION

1. As set forth below, this Court has original jurisdiction under 28 U.S.C. §§ 1331 (federal question), and this case is properly removed from the Alameda Superior Court to this Court pursuant to 28 U.S.C. § 1441(a).

## SERVICE AND PLEADINGS FILED IN STATE COURT

2. On December 16, 2021, Plaintiff JAZMONIQUE LEA ("Plaintiff") filed a civil complaint against Defendants in Alameda Superior Court, in a matter entitled *JAZMONIQUE LEA, individually and on behalf of herself and all others similarly situated, Plaintiff, v. VICAR OPERATING, INC., a Delaware corporation; ANTECH DIAGNOSTICS, INC., a California corporation; and DOES 1-50, inclusive, Defendants*, Case No. 21CV004192 (the "Complaint"). Plaintiff's Complaint asserts the following twelve (12) causes of action: (1) Violation of the Fair Credit Reporting Act for Failure to Make Proper Disclosures [15 U.S.C. § 1681b(2)(A)(i)]; (2) Violation of the Fair Credit Reporting Act for Failure to Obtain Proper Authorization [15 U.S.C. § 1681b(2)(A)(ii)]; (3) Failure to Make Proper Disclosure [California Civil Code § 1786 et seq., Investigative Consumer Reporting Agency Act]; (4) Failure to Make Proper Disclosure [California Civil Code § 1785.1 et seq., California Consumer Credit Reporting Agencies Act]; (5) Failure to Pay Minimum Wages; (6) Failure to Provide Lawful Meal Periods; (7) Failure to Authorize Lawful Rest Periods; (8) Failure to Timely Pay Wages During Employment; (9) Failure to Timely Pay Wages Owed Under Separation From Employment; (10) Failure to Reimburse Necessary Expenses; (11) Knowing and Intentional Failure to Comply with Itemized Wage Statement Provisions; and (12) Violation of the Unfair Competition Law.

3. On February 17, 2022, Defendants received Plaintiff's service of process of the First Amended Class Action Complaint for Damages. No Summons, Civil Case Cover Sheet or other court documents were served. True and correct copies of Plaintiff's First Amended Class Action Complaint for Damages, Complaint for Damages, Civil Case Cover Sheet, Summons, Notice of Case Management Conference, Minutes re: Reassignment, Order re: Court Order (Reassignment), Notice of Case Reassignment, Notice of Case Rescheduling or Relocation, Minutes re: Complex

///

Determination Hearing, Order re: Complex Determination Hearing are attached as **EXHIBIT A** to the Declaration of Nathan W. Austin ("Austin Decl."), filed concurrently herewith.

4. On March 16, 2022, Defendants filed an Answer to Plaintiff's Complaint in Alameda Superior Court generally denying all allegations and setting forth various affirmative defenses. A true and correct copy of Defendants' Answer is attached as **EXHIBIT B** to the Austin Decl.

### REMOVAL IS TIMELY

5. This Notice of Removal has been filed within thirty (30) days after Defendants received service of the Complaint on February 17, 2022. As such, this removal is timely. *See* 28 U.S.C. § 1446(b)(3) ("[A] notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."); *See Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344, 354 (1999).

### NOTICE TO ALL PARTIES AND STATE COURT

**6.** In accordance with 28 U.S.C. § 1446(d), the undersigned counsel certifies that a copy of this Notice of Removal along with all supporting pleadings will be promptly served on Plaintiff's counsel and also filed with the Clerk of the Alameda Superior Court. All procedural requirements for notice under 28 U.S.C. § 1446, therefore, will be followed and satisfied.

### VENUE

**7.** Venue of this action lies in the United States District Court for the Northern of California, San Francisco/Oakland Division, pursuant to 28 U.S.C. § 1441(a) as the state court from which this action was removed and in which this action was commenced is within this Court's district and division. *See* Complaint ¶ 17; *see also* 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending.").

///

///

**REMOVAL BASED ON FEDERAL QUESTION JURISDICTION**

8. "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction . . . may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

9. "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

10. This Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1331 because it involves alleged violations of the laws of the United States. Specifically, the first two causes of action asserted in the Complaint allege that Defendants violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681b(b)(2)(A)(i) and 1681b(b)(2)(A)(ii). Complaint ¶¶ 3, 60-97. Because Plaintiff alleges violations of the FCRA on the face of his Complaint, and because the FCRA is a federal law, Plaintiff's Complaint presents a "federal question." *See Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.*, 535 U.S. 826, 830 (2002) (whether a case "arises under" federal law for original jurisdiction purposes is tested by the "well-pleaded complaint" rule which requires federal courts to consider only what necessarily appears in plaintiff's statement of his claim); *see also Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475 (1998) (whether the claim "arises under" federal law for removal purposes is determined by the same "well-pleaded complaint rule" that determines original federal question jurisdiction). Accordingly, this is an action of a civil nature in which the district courts of the United States have been conferred original jurisdiction in that it arises under the laws of the United States as provided in 28 U.S.C. § 1331.

11. Pursuant to 28 U.S.C. §§ 1367(a) and 1441(c), this Court has supplemental jurisdiction over Plaintiff's additional causes of action under California Law as they all arise from the same nucleus of operative facts (*i.e.*, the same transactions or occurrences), namely, Plaintiff's employment with Defendants. Each of Plaintiff's claims would ordinarily be expected to be tried in a single judicial proceeding.

///

///

## CONCLUSION

12. Based on the foregoing, Defendants hereby remove the above-captioned action from the Alameda Superior Court to this Court based on federal question jurisdiction (28 U.S.C. §§ 1331, 1441, and 1446), and respectfully request that this Court retain jurisdiction for all further proceedings.

Dated:  March 17, 2022                    JACKSON LEWIS P.C.

By: */s/ Nathan W. Austin*
    NATHAN W. AUSTIN

Attorneys for Defendants
VICAR OPERATING, INC. and
ANTECH DIAGNOSTICS, INC.

# PROOF OF SERVICE

I am employed in the County of Sacramento, State of California. I am over the age of 18 and not a party to the within action; my business address is 400 Capitol Mall, Suite 1600, Sacramento, California 95814.

On March 17, 2022, I served the foregoing document described as:

**DEFENDANTS' NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1331, 1441, AND 1446 (FEDERAL QUESTION JURISDICTION)**

in this action by transmitting a true copy thereof addressed as follows:

| | |
|---|---|
| James R. Hawkins, Esq.<br>Christina M. Lucio, Esq.<br>JAMES HAWKINS APLC<br>9880 Research Drive, Suite 200<br>Irvine, CA 92618<br>Email: james@jameshawkinsaplc.com<br>christina@jameshawkinsaplc.com<br>sheila@jameshawkinsaplc.com<br>nicole@jameshawkinsaplc.com | **ATTORNEYS FOR PLAINTIFF JAZMONIQUE LEA**<br><br>Telephone:   949.387.7200<br>Facsimile:    949.387.6676 |

**[X]** **MAIL -** by placing a true and correct copy thereof enclosed in a sealed envelope with postage thereon fully prepaid for deposit in the United States Post Office mail box, at my business address shown above, following Jackson Lewis P.C.'s ordinary business practices for the collection and processing of mail, of which I am readily familiar, and addressed as set forth above. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.

**[X]** **STATE** - I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on March 17, 2022, at Sacramento, California.

*LaDonna Mims*
_____
LaDonna Mims